# STATE OF MICHIGAN

# COURT OF APPEALS

---

PATRIOT RESTORATION II, LLC, and
MICHAEL C BOBAL,

Plaintiffs-Appellants,

v

HASTINGS MUTUAL INSURANCE
COMPANY, QUALITY INSURANCE
SERVICES, INC, and DAVE GRIMES,

Defendants-Appellees,

and

UTICA MUTUAL INSURANCE GROUP,

Defendant.[1]

UNPUBLISHED
October 14, 2014

No.   315938
Wayne Circuit Court
LC No. 12-008797-CK

---

Before:  STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Patriot Restoration II, LLC (Patriot II) and Michael C. Bobal appeal as of right the trial court's order granting summary disposition to Hastings Mutual Insurance Company (Hastings), Quality Insurance Services, Inc. (Quality Insurance), and Dave Grimes.[2]  We affirm.

In this case involving claims of breach of insurance contract, fraud, and negligence, and for declaratory relief, the trial court granted summary disposition to Hastings, Quality Insurance, and Grimes on alternate independent grounds: (1) there was no genuine issue of material fact that Patriot II and Bobal could not possibly have obtained coverage because any coverage would

---

[1] The trial court dismissed Utica Mutual Insurance Group from the case without prejudice.

[2] MCR 2.116(C)(7), (C)(10).

-1-

have been barred by an exclusion in the policy;[3] and (2) Patriot II and Bobal's claims were barred because of collateral estoppel.[4]

On appeal, Patriot II and Bobal's question presented does not discuss or dispute the trial court's decision to grant summary disposition on collateral estoppel grounds.[5] When an argument is not included in a statement of questions presented, it is not properly before this Court and need not be considered.[6] Without an argument regarding collateral estoppel, Patriot II and Bobal have failed to dispute all the grounds the trial court provided. "When an appellant fails to dispute the basis of the trial court's ruling, '[t]his Court . . . need not even consider granting [the appellant] the relief [he] seek[s].' "[7]

That notwithstanding, we find that consideration of whether the trial court appropriately granted summary disposition on the alternate ground of collateral estoppel is unnecessary because Patriot II and Bobal's argument that there was a genuine issue of material fact regarding coverage lacks merit. In making the argument regarding coverage, Patriot II and Bobal rely on the fact that the trial court considered evidence outside of the record, specifically the judgment and order entered in lower court case no. 11-003199-CZ.[8] In the instant action, the judgment and order from lower court case no. 11-003199-CZ was submitted to the trial court as Exhibit 1 to Quality Insurance and Grimes's motion for summary disposition. Under the applicable statute for summary disposition,[9] the trial court was required to "consider[] affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion."[10] The challenged evidence clearly falls under "other evidence submitted by parties,"[11] and was appropriately considered by the trial court. Thus, summary disposition was warranted.[12]

---

[3] MCR 2.116(C)(10).

[4] MCR 2.116(C)(7).

[5] *Id*.

[6] *Mich Farm Bureau v Dep't of Environmental Quality*, 292 Mich App 106, 146; 807 NW2d 866 (2011).

[7] *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (citation omitted).

[8] In lower court case no. 11-003199-CZ, a company called Patriot Restoration, LLC, which was founded by a long-time friend of Bobal, successfully sued Patriot II and Bobal for unfair competition, tortious interference with an advantageous business relationship or expectancy, and for a violation of the Michigan Consumer Protection Act, MCL 445.901 *et seq*.

[9] MCR 2.116(C)(10).

[10] *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999) (citation omitted).

[11] *Id*.

[12] *Id*.; MCR 2.116(C)(10).

Affirmed. As the prevailing parties, Hastings, Quality Insurance, and Grimes may tax costs under MCR 7.219.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering